UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VICTORIA YING,

                Plaintiff,

      -against-

                                  Docket No.
                                  10 CV 4990 (CBA) (SMG)

THE CITY OF NEW YORK,
THE CITY UNIVERSITY OF NEW YORK,
NEW YORK CITY COLLEGE OF TECHNOLOGY,
And RUSSELL K. HOTZLER, individually,

                Defendants.
----------------------------------------------------------------X


# MEMORANDUM OF LAW
## IN OPPOSITION TO
## <u>DEFENDANTS' PARTIAL MOTION TO DISMISS</u>


David H. Rosenberg, Esq.
The Law Office Of
Borrelli & Associates, P.L.L.C.
Attorneys for Plaintiff
1 Old Country Road, Suite 347
Carle Place, New York, 11514

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………….…..…………………..i

PRELIMINARY STATEMENT…….……………………………………… 1

STATEMENT OF FACTS RELEVANT TO DEFENDANTS'ARGUMENTS…………………..………………………....2

STANDARD OF REVIEW……………………………………………......6

ARGUMENT….…………………………………………………….....7

I.   PLAINTIFF TITLE VII GENDER DISCRIMINATION CLAIM IS NOT TIME BARRED…………………………….………...…………........7

II.   PLAINTIFF HAS PLED A PLAUSIBLE DISCRIMINATION CLAIM UNDER TITLE VII, THE NYSHRL, AND THE NYCHRL
…………………..……………………………….…………………… 9

III.   PLAINTIFF HAS PLED A PLAUSIBLE 1983 CLAIM AGAINST HOTZLER AND BROWN
…………..……………………………........................................11

IV.   PLANTIFF HAS PLED A PLAUSIBLE 1983 FIRST AMENDMENT RETALIATION CLAIM AGAINST HOTZLER AND BROWN
...........................................…………………….……………….14

V.   PLAINTIFF  HAS PLED PLAUSIBLE  CLAIMS FOR RELIEF AGAINST THE INDIVIDUAL DEFENDANTS UNDER THE NYSHRL AND THE NYCHRL
…………………………………….…...…….………………………...15

CONCLUSION
……….…………………………………..………………….…….........16

# <u>Table of Authorities</u>

## <u>Cases</u>

Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 556 (2007)……………………………P 7

Escalera v. New York City Housing Authority, 425 F.2d 853, 866 (2d Cir. 1970)…………...P 13

Furnco Construction Corp. v. Waters 438 U.S. 567, 98 S.Ct. 2943 (1978)………………......P 10

Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)………………P 12

Jordan v. City of N.Y. Human Res. Admin., No. 08 CV 1041, 2010 WL 3034682…………..P 11

Holcomb v. Iona Coll., 521 F.3d 130, 138 (2d Cir. 2008)…………………….……………...P 9

Lambert v. Genesee Hospital, 10 F.3d 46, 53 (2d Cir. 1993)………………………………...P 8

Meachem v. Wing, 77 F.Supp.2d 431, 436-437 (S.D.N.Y.1999)……………………….......P 13

McCoy v. City of N.Y., 131 F. Supp. 2d 363, 375 (E.D.N.Y. 2001)…...……………………P 16

Monroe v. Pape, 365 U.S. 167, 171, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961……...……………P 12

Ranieri v. McCarey, 712 F. Supp. 2d 271, 280 (S.D.N.Y. 2010)……………...…………….P 16

Ricciuti v. New York City Transit Authority, 941 F.2d 119, 124 (2d. Cir. 1991)…………......P 7

Russell v. Northrop Grumman Corporation, 921 F. Supp. 143, 146 (E.D.N.Y. 1996)………...P 7

Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)………………………………………………………….……………………......P 7

Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)…………P 7

Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 998 (2002)………………P 7

Sunshine v. Long Island Unversity., 862 F. Supp. 26, 29 (E.D.N.Y. 1994)…………………..P 8

Teamsters v. United States, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977)…………...P 10

Texas Department of Community Affairs v. Burdine, 101 S.Ct. 1089 (1980)……………….P10

Thomas v. City of New York, 143 F.3d 31, 35 (2d Cir. 1998)……………………………....P 7

Velez v. Levy, 401 F.3d 75 (2d Cir. 2005)……………………………………………..P 12

Walter v. Westdeutsche Rundfunk, Ard.,  2004 WL 1052776 (S.D.N.Y. 2004)……………P 7

Williams v. N.Y. City Hous. Auth., 458 F.3d 67, 69 (2d Cir. 2006)…………………………P 8

Zelnik v. Fashion Inst. Of Tech, 464 F.3d 217, 225 (2d Cir. 2006)………………………....P 14,15

**United States Constitution**

First Amendment………………………………………………………………………P 1,2,6

Eleventh Amendment……………………………………………………………………P 2

Fourteenth Amendment……………………………………………………………......P 5

**Federal Statutes**

29 U.S.C. § 626(d)(2); 42 U.S.C. § 2000e-5(e)(1)…………………………………………...P 2, 7,8

34 CFR § 99.31……………………………………………………………………………...P 4

42 U.S.C. § 1983 ("1983")……………………………………………………………………P 1,12,13

34 CFR § 99.31……………………………………………………………………………...P 4

§ 292(6)……………………………………………………………………………………..P 1

§ 8-101, et seq……………………………………………………………………………P2

**Federal Rules of Civil Procedure (Fed. R. Civ. P.")**

Defendant's Rule 12(b)(6)……………………………………………………….………P 1,7

**Statues**

New York State Human Rights Law, Executive Law Section 292………………………...P 1,3,9

Title VII………………………………………………………………………………P 1,2,7,9

Family Educational Rights and Privacy Acts………………………………………… P 1,4,7,8,9

Federal Rules of Civil Procedure 12(b)(6)……………………………………….……....P 1

## **PRELIMINARY STATEMENT**

Victoria Ying ("Plaintiff"), by her attorneys, The Law Office of Borrelli & Associates, P.L.L.C., respectfully submits this memorandum of law in opposition to the Partial Motion to Dismiss dated May 18, 2011 filed by New York State Attorney General Eric T. Schneiderman on behalf of the City University of New York ("CUNY"); the New York City College of Technology ("City Tech"); Russell K. Hotzler, individually ("Hotzler"), and Pamela Brown, individually ("Brown" and collectively as "Defendants") pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(6); Dismissal for Failure to State a Claim.

Plaintiff commenced this action by filing the Complaint on October 29, 2010 and entered November 2, 2010. Plaintiff furthered proceedings by filing and entering the Amended Complaint on March 24, 2011 with Count I against Defendants for violations of Title VII of The Civil Rights Act of 1964, specifically, discrimination on the basis of Plaintiffs' sex and retaliation for engaging in a protected activity ("Title VII"); Count II against Hotzler and Brown for aiding and abetting sex discrimination and retaliation for engaging in a protected activity in violation of the New York State Human Rights Law ("NYSHRL"); Count III against Hotzler and Brown for aiding and abetting  retaliation and discrimination for engaging in a protected activity in violation of the New York City Human Rights Law ("NYCHRL"); Count IV against Hotzler and Brown for deprivation of Plaintiff's Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983 ("1983"); and Count V against Defendants for unlawful First Amendment retaliation pursuant to 42 U.S.C. § 1981 ("1981").

Defendants filed the Notice of Defendants' Partial Motion to Dismiss, together with Defendants' Memorandum of Law in Support of Defendants' Motion for Partial Dismissal of the

Amended Complaint ("Defendants' Memo of Law") in lieu of answering Plaintiff's Amended Complaint ("Motion to Dismiss").

Defendants' Memo of Law contends the following; that Plaintiff's Title VII gender discrimination claim is time barred; Plaintiff fails to state a plausible gender discrimination claim under Title VII, the NYSHRL, and the NYCHRL; Plaintiff fails to state plausible § 1983 First Amendment Retaliation claim against President Hotzler and Dean Brown; Plaintiff cannot state plausible claims for relief against the individual Defendants under the NYSHRL and NYCHRL; and Plaintiff's demand for injunctive relief based on alleged violations of the NYSHRL and the NYCHRL is barred by the eleventh amendment.  It should be noted that Defendants acknowledge that "Plaintiff's Title VII retaliation claim against CUNY" is properly plead and that the Defendants are not moving to dismiss the claim.  Plaintiff submits this memorandum in opposition to Defendants' Motion to Dismiss.

## <u>STATEMENT OF FACTS RELEVANT TO DEFENDANTS' ARGUMENTS</u>

The complete factual allegations are set forth in the Amended Complaint.  At all relevant times herein, Plaintiff is a female who was and is opposed to discriminatory practices.  *(Am. Compl. ¶ 7)*.  At all relevant times herein, Plaintiff was a tenure-track Assistant Professor employee, of CUNY and City Tech, within the meaning of the NYSHRL and the NYCHRL; entitled to protection within the meaning of NYSHRL § 292(6); and a "person" entitled to protection under § 8-101, et seq. of the NYCHRL.  *(Am. Compl. ¶¶ 7-16 and 20)*.

During the course of Plaintiff's employment at CUNY and City Tech, she had always received either excellent or very good evaluations. (Am. Compl. ¶¶ 22-23 and 47). On or about September 11, 2006, it came to Plaintiff's attention for the first time that many of the students in

her class were not only underage but had not satisfied the prerequisites for the course. *(*Am. Compl. ¶¶ 25-28).

On or about December 4, 2006, Plaintiff engaged in protected speech and informed Brown and Hotzler that many of her students were under 18 years of age and lacked the basic prerequisites that were necessary to take the courses in which they were enrolled. (Am. Compl. ¶ 29). On or about December 3, 2007, Brown called Plaintiff into her office and in the presence of Department Chair Dabydeen intentionally and falsely accused Plaintiff of engaging in romantic relationships with a student by the name of MM. *(*Am. Compl. ¶ 33). Plaintiff categorically denied the accusations; learned that Section F of the City Tech Handbook of Instructional Staff Policies and Procedures states that "sexual harassment includes false and malicious accusations"; and reasonably believed in good faith that the accusation made against her was an act of sexual harassment. *Id.*

On or about February 4, 2008, Plaintiff attended a meeting with Michelle Harris, the Director of Instructional Staff Relations and Human Resources ("Harris"), and Provost Bonne August ("August") where Plaintiff made it clear that she believed Defendant Brown's false, malicious, and reckless accusation against Plaintiff made on December 3, 2007 constituted sexual harassment. (Am. Compl. ¶ 36).

On May 4, 2008, Plaintiff received a letter from Harris, falsely accusing her of violating the Family Educational Rights and Privacy Act ("FERPA"). Within the letter, Harris falsely accused Plaintiff of conducting a "private investigation" into her missing purse and wallet, and of providing information about the grades of students to one particular student. (Am. Compl. ¶ 38). Harris also falsely accused Plaintiff of admitting to improperly providing a student with information about the grades of other students during their February 4, 2008 meeting. This letter

of accusation against Plaintiff was in retaliation for Plaintiff's good faith complaint about Defendant Brown's sexual harassment. *Id.*

On or about May 7, 2008, Plaintiff responded by letter stating that the investigation was conducted by a detective from the NYPD and that the schools are permitted to disclose such records to state and local authorities within a juvenile justice system, of which the NYPD was one, under 34 CFR § 99.31. *(*Am. Compl. ¶ 39). Plaintiff wrote this letter in the course of her duties as a Professor. *(*Am. Compl. ¶ 40).

On or about July 9, 2008, August wrote a letter to Plaintiff accusing Plaintiff of making an unsubstantiated and meritless claim of sexual harassment against Brown. (Am. Compl. ¶ 41*).* August failed to include any information as to the nature and extent of August's alleged investigation and August also falsely accused Plaintiff that she had admitted at the February 4, 2008 meeting that she improperly disclosed grade information to a student. This false allegation against Plaintiff was another example of Defendants' acts of retaliation against Plaintiff. August also falsely accused Plaintiff of inappropriately disclosing to student MM that Brown accused Plaintiff of having an inappropriate student relationship with MM. *Id.*

Plaintiff received her third score of "Excellent" in a row on her September 1, 2007 – June 5, 2008 Annual Faculty Professional Evaluation, completed by Department Chair Dabydeen and Plaintiff also received "Excellent" ratings on November 7, 2007 and May 7, 2008 by Professor Issac Barjis and Professor Niloufar Haque, respectively. (Am. Compl. ¶¶ 42-43).

On or about July 15, 2008, Plaintiff wrote the letter in response to August and Hotzler insisting that City Tech was not fairly dealing with her complaint and that she believed in good faith that Brown had subjected her to sexual harassment by intentionally and falsely accusing her of having a romantic or sexual affair with a student. (Am. Compl. ¶ 44).

To Plaintiff's knowledge, Defendants never investigated her claim of sexual harassment, never conducted any interviews with respect to the claim, and never took any reasonable steps to remedy the situation and ensure similar incidents did not occur in the future. (Am. Compl. ¶ 45).

On or about October 6, 2008, Plaintiff received a notice that she was not being reappointed as an Assistant Professor for the next academic year and her employment was subsequently terminated. (Am. Compl. ¶¶ 46 and 52).

On or about October 22, 2008, Plaintiff submitted an appeal for reappointment and Personnel Appeals Committee Chair Alan Huffman wrote the letter on or about November 20, 2008 notifying Plaintiff that her appeal had merit. (Am. Compl. ¶¶ 47 and 48). It should be noted that the Personnel Appeals Committee, consisting of eight (8) faculty members from all different departments, unanimously voted in favor of reconsideration of Plaintiff for reappointment. (Am. Compl. ¶ 48).

Throughout the course of her employment, Plaintiff was discriminated and retaliated against on account of her gender; female. Hotzler and Brown, deliberately and willfully, deprived Plaintiff of her fundamental liberty and property rights without due process of law under the Fourteenth Amendment, pursuant to their policy, custom or practice, intentionally, willfully, knowingly, falsely, recklessly, or with gross negligence accused Plaintiff of having a sexual relationship with a student, without conducting any investigation prior to or after the accusation. (Am. Compl. ¶17).

Plaintiff reasonably believed that she had been subjected to sexual harassment as a result of the accusation and made a good faith complaint about the incident, which resulted in the Defendants unlawfully retaliating and discriminating against her by not reappointing her to the position as Assistant Professor and ultimately terminating her employment with the stigma of the

false accusation that she had an inappropriate sexual relationship with a student which was a career ending allegation so outrageous and egregious that it could be fairly said to shock the conscience.  (Am. Compl. ¶18).

Moreover, Plaintiff exercised her First Amendment rights by engaging in protected speech in speaking out as a private citizen, not pursuant to the duties of her employment, on issues of public concern, specifically, as a result of Plaintiff exercising her First Amendment rights to free speech, Defendants retaliated against Plaintiff by creating defamatory and false allegations that Plaintiff engaged in an inappropriate sexual relationship with a student thereby foreclosing Plaintiff from pursuing her chosen career as a professor; and soon thereafter discharging Plaintiff wrongfully.  In retaliation for Plaintiff having exercised her constitutionally protected rights, the Defendants deprived Plaintiff of her liberty resulting in the eventual termination of Plaintiff's employment on or about October 6, 2008.  (Am. Compl. ¶¶ 19, 55 - 95).

## STANDARD OF REVIEW

A motion to dismiss may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Walter v. Westdeutsche Rundfunk, Ard.*, 2004 WL 1052776, *3 (S.D.N.Y. 2004), *citing Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 998 (2002).  On a motion to dismiss, a court must accept as true all factual allegations contained in the Complaint and exhibits attached to it, and must draw all reasonable inferences in favor of Plaintiff.  *Thomas v. City of New York*, 143 F.3d 31, 35 (2d Cir. 1998).    In a 12(b)(6) motion to dismiss, the task of the court is merely to assess the legal feasibility of the complaint, and not to assay the weight of the evidence which

might be offered in support thereof. *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984).

The Court should not dismiss a complaint pursuant to F.R.C.P. 12(b)(6), so long as Plaintiff's allegations are plausible (i.e., enough facts are pled to raise a reasonable expectation that discovery will reveal evidence in support of the claims alleged). *Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 556 (2007).* Most importantly, the appropriate inquiry is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Russell v. Northrop Grumman Corporation*, 921 F. Supp. 143, 146 (E.D.N.Y. 1996) *citing Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Ricciuti v. New York City Transit Authority*, 941 F.2d 119, 124 (2d. Cir. 1991) (plaintiff is not compelled to prove his case at the pleading stage).

As demonstrated below, Plaintiff has pled sufficient facts in her complaint to entitle her to discovery and to offer evidence in support of her claims. Thus, the Court should deny Defendant's Rule 12(b)(6) Motion to Dismiss.

## ARGUMENT

### POINT I

### PLAINTIFF'S TITLE VII GENDER DISCRIMINATION CLAIM IS NOT TIME BARRED

As the Defendants point out, Title VII claims must be filed with the EEOC within 300 days of the alleged unlawful act. 29 U.S.C. § 626(d)(2); 42 U.S.C. § 2000e-5(e)(1); *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006). Defendants categorize Plaintiff's Title VII gender discrimination claim as being based on "a single incident that took place on

December 3, 2007 and that because the EEOC charge was filed on June 5, 2009, the operative date would have been August 9, 2009[1] and thus the EEOC filing was untimely filed.

Defendants' misconstruing of the Amended Complaint is mind boggling as they have failed and refused to accept that Plaintiff has adequately pled that her claims fall within the continuing violation doctrine.   A continuing violation may result from either: (1) a discriminatory policy or mechanism or (2) related incidents of discrimination which are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice. *Sunshine v. Long Island Univ*., 862 F.Supp. 26, 29 (E.D.N.Y. 1994). "The continuing violation exception applies to cases involving specific discriminatory policies or mechanisms such as discriminatory seniority lists, or discriminatory employment tests." *Lambert v. Genesee Hospital*, 10 F.3d 46, 53 (2d Cir.1993). "[M] ultiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." *Id*.

In this case, Plaintiff has pled that she was falsely accused of having sexual relations with a student; that she reasonably believed that she had been subjected to sexual harassment as a result of the accusation; and that to her knowledge there had been no investigation into her claims of sexual harassment.  Plaintiff has also pled that on or about May 4, 2008 she was falsely accused for violating FERPA; on July 15, 2008, she wrote a letter to August and Hotzler complaining that she had been subjected to sexual harassment; on or about October 6, 2008 she received a notice that she was not being reappointed;  and that on or about March 24, 2009, Hotzler responded by letter listing various pretextual reasons for termination with said termination being pled as being discharged in retaliation for her, amongst other things,

---

[1] It should be noted that Defendants' Memo of Law incorrectly states the date as August 9, 2008.

complaints of sexual harassment. Clearly under the continuing violations doctrine, the last date

of discrimination as pled was on March 24, 2009 and therefore the June 5, 2009 EEOC filing

was timely (Am. Compl. ¶18-45).

## POINT II

### PLAINTIFF HAS PLED A PLAUSIBLE DISCRIMINATION CLAIM UNDER TITLE VII, THE NYSHRL, AND THE NYCHRL

As the Defendants have pointed out, in order to state a prima facie claim under Title VII,

the NYSHRL, and the NYCHRL, Plaintiff must show that; (1) she is a member of a protected

class; (2) she was performing her duties satisfactorily; (3) she suffered an adverse employment

action; and (4) the adverse employment action occurred under circumstances giving rise to an

inference of discrimination on the basis of her membership in the protected class. *See Holcomb*

*v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008) (setting forth elements).

Defendants have assumed for the purposes of their motion that Plaintiff has sufficiently

alleged the first three (3) prongs and merely allege that Plaintiff has failed to allege that the

adverse employment action occurred under circumstances giving rise to an inference of

discrimination on the basis of her membership in the protected class.

The burden of establishing a prima facie case of disparate treatment is not onerous and

the burden of pleading is even less burdensome.  The plaintiff must prove by a preponderance of

the evidence that she applied for an available position for which she was qualified, but was

rejected under circumstances which give rise to an inference of unlawful discrimination.  The

prima facie case serves an important function in the litigation: it eliminates the most common

nondiscriminatory reasons for the plaintiff's rejection. *Texas Department of Community Affairs*

*v. Burdine*, 101 S.Ct. 1089 (1980); *see Teamsters v. United States*, 431 U.S. 324, 358, and n. 44,

97 S.Ct. 1843, 1866, n. 44, 52 L.Ed.2d 396 (1977).   As the Court explained in *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978), the prima facie case "raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee.   If the trier of fact believes the plaintiff's evidence, and if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case.   The burden that shifts to the defendant, therefore, is to rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. The defendant need not persuade the court that it was actually motivated by the proffered reasons.

In this case, Plaintiff has sufficiently pled that from September 1, 2007 to June 5, 2008, she received two (2) excellent classroom observation reports; that she received a notice on October 7, 2008 that she was not recommended for reappointment despite the fact that she had never received a negative evaluation; that "it is clear that the decision not to reappoint a professor with excellent evaluations could not have resulted from a fair consideration of the merits of her application for reappointment" and that "[s]omething else must be going on-something unrelated to [Plaintiff's] actual professional performance"; that despite the November 20, 2008 letter from Personnel Appeals Committee Chair Alan Huffman which stated that her appeal of said denial of reappointment "had merit" with all eight (8) faculty members of said Committee unanimously voting in favor of reconsideration of Plaintiff for reappointment, Hotzler still refused to reappoint; and that finally on March 24, 2009, Hotzler created the various

pretextual reasons for termination which were unsubstantiated and baseless.  [Am. Compl. ¶¶46-51]

Although Defendants point to *Jordan v. City of N.Y. Human Res. Admin.*, No. 08 CV 1041, 2010 WL 3034682 (E.D.N.Y. Aug. 1, 2010) for the proposition that "[e]ven if the allegations of misconduct against [plaintiff] were fabricated and the disciplinary process reach an erroneous conclusion, those facts standing alone would not provide a basis for relief in federal court,"  it is clear that Plaintiff has demonstrated an ongoing pattern of discrimination on account of her gender; a pattern of retaliation; and has provided this Court with a lot more than just the naked allegation that she was wrongfully accused of having sexual relations with a student and that the Defendants erroneously concluded that she had which ultimately led to their wrongful termination.  Plaintiff has specifically enumerated Hotzler's illegal motivation for his adverse treatment of the Plaintiff.

### POINT III

### PLAINTIFF HAS PLED A PLAUSIBLE 1983 CLAIM AGAINST HOTZLER AND BROWN

Defendants have argued that Plaintiff has failed to plausibly allege that the challenged non-reappointment decision deprived her of a protected liberty interest under a stigma plus theory.

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) "that some person has deprived him of a federal right," and (2) "that the person who has deprived him of that right acted under color of state ... law." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980) (*citing Monroe v. Pape*, 365 U.S. 167, 171, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).  Because the free-standing defamatory statement is not constitutional deprivation but is instead properly viewed as state tort of defamation, "plus" imposed by defendant to § 1983

"stigma plus claim" must be specific and adverse action clearly restricting plaintiff's liberty protected by due process, e.g., loss of employment. *Velez v. Levy*, 401 F.3d 75 (2d Cir. 2005)

In this case, Plaintiff has alleged that Hotzler and Brown deprived Plaintiff of her fundamental liberty and property rights, to pursue employment in her chosen field of education, vis-à-vis Hotzler and Brown's intentional, willful, knowing, reckless, or grossly negligent subjecting of Plaintiff to false allegations that she had been having a sexual relationship with a student. (Am. Comp. ¶¶ 81-84).

Defendants' argument that the stigma-plus claim must fail because the Complaint is devoid of any allegation that Hotzler and Brown made any publicly stigmatizing remarks in connection with Plaintiff's non-reappointment does not negate the fact that Plaintiff adequately pled that Hotzler and Brown's accusations put Plaintiff's good name, honor, and integrity into question; and that as a result of Defendants' deliberate indifference to the rights of Plaintiff, Plaintiff was stigmatized and foreclosed from being able to pursue her chosen career in the field of education, a valid liberty interest.  Moreover, Defendants' argument that Plaintiff could have challenged her non-reappointment decision in an Article 78 proceeding completely ignores the fact that Plaintiff has adequately pled that she was denied a hearing or other adequate pre or post deprivation remedies and therefore was denied her liberty interest without due process of the law.  (Am. Comp. ¶¶ 81-890).  Defendants argue, albeit unsuccessfully, that the availability of a CPLR Article 78 proceeding is an adequate remedy to redress deprivation claims under 42 U.S.C. § 1983.  Defendants' position is untenable.  The courts have held that Article 78 proceedings provide an adequate remedy to address post-deprivation, not pre-deprivation claims. (emphasis supplied). *Meachem v. Wing*, 77 F.Supp.2d 431, 436-437 (S.D.N.Y. 1999).  For example, the Southern District has held: "where plaintiffs…allege that they are entitled to certain

pre-deprivation remedies under federal constitution and statute, the availability of adequate post-deprivation relief is not relevant, and plaintiffs' claims may proceed." In addition, the Second Circuit has considered Defendant's argument and soundly rejected it. *See Escalera v. New York City Housing Authority*, 425 F.2d 853, 866 (2d Cir. 1970). In *Escalera*, New York City public housing tenants brought an action against the New York City Housing Authority ("HA") alleging that defendant's procedures for terminating tenancies under certain conditions violated their Fourteenth Amendment right to due process. The defendant contended that any defects in the challenged procedures for terminating tenancies were cured by the availability of an Article 78 proceeding. In rejecting defendant's position, the court noted that under an Article 78 proceeding plaintiffs would have to show that the HA's initial determination was arbitrary and capricious in order to get relief. The court emphasized, plaintiffs would be required to meet this burden without access to any of the facts the HA relied upon when making its initiation decision. Thus, the Second Circuit held that an Article 78 proceeding failed to provide a substitute for a fair procedure in the decision of the HA in the first instance. Here, like *Escalara*, Plaintiff alleges Defendants violated her due process rights when it failed to provide herewith a pre-deprivation hearing prior to termination. Therefore, like *Escalara*, this Court should find that an Article 78 proceeding would not provide Plaintiff a fair substitute to a pre-deprivation hearing in the first instance. Otherwise, Plaintiff would be forced to demonstrate Defendant's initial decision was arbitrary and capricious without access to any of the facts Defendant relied upon in its determination.

Clearly, under *Velez*, Plaintiff's Amended Complaint contains sufficient allegations that, taken together, plea a more than plausible stigma-plus claim that should not be dismissed in a pre-answer dismissal motion.

**POINT IV**

**PLAINTIFF HAS PLED A PLAUSIBLE 1983 FIRST AMENDMENT RETALIATION CLAIM AGAINST HOTZLER AND BROWN**

As the Defendants point out, where a Plaintiff who is a public employee asserts claims for retaliation based upon allegedly constitutionally protected speech under the First Amendment, she must show that; "(1) the speech at issue was made as a citizen on matters of public concern rather than as an employee on matters of personal interest; (2) he or she suffered an adverse employment action; (3) and the speech was at least a substantial or motivating factor in the [adverse employment action]." *Zelnik v. Fashion Inst. Of Tech*, 464 F.3d 217, 225 (2d Cir. 2006) (alterations in original) (citation omitted), *cert, denied*, 549 U.S. 1342 (2007).

Plaintiff alleges two distinct statements upon which she bases her First Amendment retaliation claims; (1) the December 4, 2006 report she made about the presence of underage and unqualified students in her course; and (2) the February 4, 2008 report that Defendants sexually harassed her by falsely accusing her of engaging in a sexual relationship with a student.  Plaintiff further alleges that she made these statements and reports as a citizen, not pursuant to her job duties and that she suffered retaliatory acts ultimately leading up to her termination thus satisfying the *Zelnik* test. *Id*. (Am. Compl. ¶ 29 and 93).

As to the December 4, 2006 statement, Defendants' arguments that the "Complaint does not allege that Plaintiff relayed this information for any other purpose other than her "surprise" and that the age of some students impeded an investigation into the theft of Plaintiff's handbag" completely misconstrues the plain language of the Amended Complaint, in that Plaintiff specifically pled that these statements were made by her as a citizen and not pursuant to her job duties.  Also, the Defendants admit that the Plaintiff specifically pled that these reports

"exceeded her duties as a professor" (Am. Compl. ¶ 29).  In fact, Plaintiff alleges that she discovered the fact that her class had underage and unqualified students in the course of a police investigation into the stealing of her personal property; an incident completely above and beyond the realm of her job duties.  (Am. Compl. ¶¶ 25-28).

Defendants' arguments that Plaintiff should be construed as making speech in the course of performing her job simply because she reported the conduct to her supervisors is completely meritless; who better to report the public concern to than the two (2) people that have authority to immediately correct the problem! Clearly, Plaintiff was making the speech as a private citizen out of public concern because she told her supervisors about it; the same two people that had the authority to correct the underage and unqualified student problem.

Accordingly, the false allegations that Plaintiff had engaged in a sexual relationship with a student and Plaintiff's complaint that there were under aged and unqualified students in her class were matters of total public concern and constitutes protected speech by a private citizen.

### POINT V

### PLAINTIFF HAS PLED PLAUSIBLE CLAIMS FOR RELIEF AGAINST THE INDIVIDUAL DEFENDANTS UNDER THE NYSHRL AND THE NYCHRL

As pointed out by the Defendants, claims under the NYSHRL and NYCHRL are subject to the same analysis.  *See McCoy v. City of N.Y.*, 131 F. Supp. 2d 363, 375 (E.D.N.Y. 2001) (applying same standard to claims under the NYSHRL and the NYCHRL).

Defendants also point out that an individual cannot aid and abet his or her own discriminatory actions.  *See*, *e.g., Ranieri v. McCarey*, 712 F. Supp. 2d 271, 280 (S.D.N.Y. 2010) (dismissing aiding and abetting claims against individual where the underlying claims were based on the conduct of same individual).

Employers are subject to vicarious liability to victimized employee under the NYSHRL and the NYCHRL for actionable violations.   Defendants argue that because Plaintiff alleges that Hotzler and Brown directly discriminated and retaliated against her, her NYSHRL and NYCHRL aiding and abetting claim against them must be dismissed.   However, this claim must be denied in its entirety as the Amended Complaint contains allegations that Hotzler aided and abetted Brown and that Brown aided and abetted Hotzler and that both aided and abetted the other Defendants in a scheme to defame, discriminate, and retaliate.   Defendants' contention that they can't aid and abet themselves personally is just another smoke screen to hide the fact that the Amended Complaint contains sufficient allegations of fact needed to sustain all causes of action contained therein.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' partial motion to dismiss, or in the event that it grants some or all of Defendants' motion, permit Plaintiff leave to amend those respective allegations.

Dated: Carle Place, New York
      July15, 2011

Respectfully Submitted,

The Law Office of
BORRELLI & ASSOCIATES, P.L.L.C.

By:      _____
       DAVID H. ROSENBERG, ESQ.
       *Attorneys for Plaintiff*
       One Old Country Road, Suite 347

Carle Place, NY 11514
Tel. (516) 248-5550
Fax. (516) 248-6027