UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

VICTORIA YING,

                     Plaintiff,

      -against-                          10 CV 4990
                                         (CBA) (SMG)

THE CITY UNIVERSITY OF NEW
YORK, NEW YORK CITY COLLEGE OF
TECHNOLOGY, RUSSELL K. HOTZLER,
individually, and PAMELA BROWN,
individually.

                     Defendants.

--------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF THE AMENDED COMPLAINT

                               ERIC T. SCHNEIDERMAN
                               Attorney General of the State of New York
                               Attorney for Defendants
                               120 Broadway, 24th Floor
                               New York, New York 10271
                               Tel.: (212) 416-8652

CHRISTINE A. RYAN
Assistant Attorney General
 of Counsel

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF ALLEGED FACTS......................................................................................... 3

STANDARD OF REVIEW ........................................................................................................... 5

ARGUMENT................................................................................................................................. 6

I. PLAINTIFF'S TITLE VII GENDER DISCRIMINATION CLAIM IS TIME BARRED........ 6

II. PLAINTIFF FAILS TO STATE PLAUSIBLE GENDER DISCRIMINATION
CLAIMS UNDER TITLE VII, THE SHRL OR THE CHRL. .................................................. 7

III. PLAINTIFF'S STIGMA-PLUS § 1983 DUE PROCESS CLAIMS AGAINST
PRESIDENT HOTZLER AND DEAN BROWN FAIL AS A MATTER OF LAW…......... 10

IV. PLAINTIFF FAILS TO STATE PLAUSIBLE § 1983 FIRST AMENDMENT
RETALIATION CLAIMS AGAINST PRESIDENT HOTZLER AND DEAN
BROWN…....................................................................................................................... 12

1. The Report of Underage Students..................................................................................... 13
2. The Complaint that Dean Brown's Inquiry Constituted Sexual Harssment.................... 14

V. PLAINTIFF CANNOT STATE PLAUSIBLE CLAIMS FOR RELIEF AGAINST
THE INDIVIDUAL DEFENDANTS UNDER THE SHRL OR THE CHRL. ................... 16

1. Individuals Can Not "Aid or Abet" Their Own Conduct............................................... 16

2. Accessorial Liability Under Either SHRL § 296(6) or CHRL § 8-107(6)
Can Not be Found Where the Employer is Not Liable .................................................. 17

VI. PLAINTIFF'S DEMAND FOR INJUNCTIVE RELIEF BASED ON ALLEGED
VIOLATIONS OF THE SHRL AND CHRL IS BARRED BY THE ELEVENTH
AMENDMENT....................................................................................................................... 18

CONCLUSION............................................................................................................................. 19

## TABLE OF AUTHORITIES

<u>**CASES**</u>                                                                    **Page**

Anemone v. Metro. Transp. Auth.,
    629 F.3d. 97 (2d Cir. 2011)................................................................................................... 11

Ashcroft v. Iqbal,
    ___ U.S. ___; 129 S. Ct. 1937 (2009)............................................................................... 5, 6, 8

Bd. of Regents v. Roth,
    408 U.S. 564 (1972).............................................................................................................. 10

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)................................................................................................................ 5

Boykin v. Keycorp,
    521 F.3d 202 (2d Cir. 2008)................................................................................................... 9

Butts v. N.Y. City Dep't of Hous. Preservation & Dev.,
    990 F.2d 1397 (2d Cir. 1993)................................................................................................. 6

Chambers v. TRM Copy Ctrs.,
    43 F.3d 29 (2d Cir. 1994)....................................................................................................... 9

Chamblee v. Harris & Harris, Inc.,
    154 F. Supp. 2d 670 (S.D.N.Y. 2001).................................................................................. 17

Chinn v. City Univ. of N.Y.,
    963 F. Supp. 218 (E.D.N.Y. 1997) ...................................................................................... 18

Clissuras v. City Univ. of N.Y.,
    359 F.3d 79 (2d Cir. 2004)..................................................................................................... 1

Connick v. Myers,
    461 U.S. 138 (1983).............................................................................................................. 14

Davis v. McKinley,
    518 F.3d 304 (5th Cir. 2008) ............................................................................................... 14

DeWitt v. Lieberman,
    48 F. Supp. 2d 280 (S.D.N.Y. 1999).................................................................................... 17

Dixon v. Int'l Fed'n of Accountants,
No. 10-1924–cv, 2011 WL 1086867 (2d Cir. Mar. 25, 2011) ...................................................... 8

Donato v. Plainview-Old Bethpage Cent. Sch. Dist.,
96 F.3d 623 (2d Cir. 1996), cert. denied, 519 U.S. 1150 (1997) ............................................. 11

Duviella v. Couns. Serv. of E. Dist. of N.Y.,
No 00 Civ. 2424, 2001 WL 1776158 (E.D.N.Y. Nov. 20, 2001) ............................................. 18

Ezekwo v. N.Y.C. Health & Hosps. Corp.,
940 F.2d 775 (2d Cir. 1991) ....................................................................................................... 15

Forrest v. Jewish Guild,
309 A.D.2d 546 (1st Dep't 2003), aff'd, 3 N.Y.3d 295 (2004) ................................................. 18

Garcetti v. Ceballos,
547 U.S. 410 (2006) ...................................................................................................................... 13

Grillo v. N.Y. City Transit Auth.,
291 F.3d 231 (2d Cir. 2002) ....................................................................................................... 10

Gudema v. Nassau County,
163 F.3d 717 (2d Cir. 1998) ....................................................................................................... 11

Harris v. Mills,
572 F.3d 66 (2d Cir. 2009) ............................................................................................................ 5

Hawkins v. 1115 Legal Service Care,
163 F.3d 684 (2d Cir. 1998) ......................................................................................................... 7

Hicks v. IBM,
44 F. Supp. 2d 593 (S.D.N.Y. 1999) ......................................................................................... 17

Holcomb v. Iona College,
521 F.3d 130 (2d Cir. 2008) .......................................................................................................... 8

Howard v. City of New York,
No. 02 Civ. 5817, 2008 WL 2756328 (S.D.N.Y. July 15, 2008) ............................................. 15

J.G. v. Cord,
No. 08 Civ. 5668, 2009 WL 2986640 (S.D.N.Y. Sept. 17, 2009) ............................................. 17

Jean-Louis v. North Shore Univ. Hosp.,
   No. 06 Civ. 3023, 2007 WL 4409937 (E.D.N.Y. Dec. 14, 2007) ........................................... 18

Jordan v. City of N.Y. Human Res. Admin.,
   No. 08 Civ. 1041, 2010 WL 3034682 (E.D.N.Y. Aug. 1, 2010) ................................................ 9

Ky. Dep't of Corr. v. Thompson,
   490 U.S. 454 (1989) ................................................................................................................. 10

Lewis v. Triborough Bridge and Tunnel Auth.,
   No. 97. CIV. 0607, 2000 WL 423517 (S.D.N.Y. Apr. 19, 2000) ........................................... 18

Longo v. Suffolk County Police Dep't,
   429 F. Supp. 2d 553 (E.D.N.Y. 2006) .................................................................................... 12

Luca v. County of Nassau,
   No. 04 CV 4898, 2007 WL 1343670 (E.D.N.Y. May 8, 2007) ................................................ 16

Mark v. Brookdale Univ. Hosp.,
   No. 04 Civ. 2497, 2005 WL 1521185 (E.D.N.Y. June 22, 2005) .............................................. 6

McCoy v. City of N.Y.,
   131 F. Supp. 2d 363 (E.D.N.Y.2001) ..................................................................................... 16

Miles v. Baruch Coll.,
   No. 07 Civ. 1214, 2008 WL 222299 (E.D.N.Y. Jan. 25, 2008) ............................................... 18

Miller v. City of Ithaca,
   No. 10 Civv 597, 2010 WL 3809842 (N.D.N.Y. Sept. 22, 2010) ........................................... 15

Murphy v. ERA United Realty,
   251 A.D.2d 469 (2d Dep't 1998) ............................................................................................. 17

Nat'l R.R. Passenger Corp. v. Morgan,
   536 U.S. 101 (2002) ................................................................................................................... 6

Nonnenmann v. City of New York,
   174 F.Supp.2d 121 (S.D.N.Y. 2001) ...................................................................................... 16

Ochei v. Mary Manning Walsh Nursing Home,
   No. 10 Civ. 2548, 2011 WL 744738 (S.D.N.Y. Mar. 1, 2011) ............................................... 10

Pappas v. Giuliani,
290 F.3d 143 (2d Cir. 2002)...........................................................................................................15

Patane v. Clark,
508 F.3d 106 (2d Cir.2007).................................................................................................. 8, 9, 10

Pennhurst v. Halderman,
465 U.S. 89 (1984)...........................................................................................................................18

Ranieri v. McCarey,
712 F. Supp. 2d 271 (S.D.N.Y. 2010)...........................................................................................16

Raniola v. Bratton,
243 F.3d 610 (2d Cir.2001)...............................................................................................................8

Saulpaugh v. Monroe Cmty. Hosp.,
4 F .3d 134 (2d Cir.1993)................................................................................................................15

Scaggs v. N.Y. State Dep't of Educ.,
No. 06 Civ. 0799, 2007 WL 1456221 (E.D.N.Y. May 16, 2007) ..............................................8

Schanfield v. Sojitz Corp. of Am.,
663 F. Supp. 2d 305 (S.D.N.Y. 2009)...........................................................................................17

Segal v. City of N.Y.,
459 F.3d 207 (2d Cir. 2006.............................................................................................................11

Sowemimo v. D.A.O.R. Sec., Inc.
43 F. Supp. 2d 477 (S.D.N.Y. 1999)..............................................................................................18

Spang v. Katonah-Lewisboro Union Free Sch. Dist.,
626 F. Supp. 2d 389 (S.D.N.Y. 2009)...........................................................................................12

Strauss v. N.Y. State Dep't of Educ.,
26 A.D.3d 67 (3d Dep't 2005).......................................................................................................17

Velez v. Levy,
401 F.3d 75 (2d Cir. 2005)..............................................................................................................11

Virola v. XO Comm.,
No. 05 Civ. 5056, 2008 WL 1766601 (E.D.N.Y. Apr. 15, 2008).............................................17

Weintraub v. Board of Educ. of City of N.Y.,
  593 F.3d 196 (2d Cir. 2010)................................................................................................ 13, 14

Williams v. N.Y. City Hous. Auth.,
  458 F.3d 67 (2d Cir. 2006)........................................................................................................ 6

Worthington v. Cnty. of Suffolk,
  No. 02 civ. 723, 2007 WL 2115038 (E.D.N.Y. July 20, 2007) ................................................ 15

Zelnik v. Fashion Inst. of Tech.,
  464 F.3d 217 (2d Cir. 2006), cert. denied, 549 U.S. 1342 (2007) ............................................ 12

## United States Constitution

First Amendment ..................................................................................................................... passim
Eleventh Amendment.......................................................................................................... 2, 17, 18
Fourteenth Amendment ...................................................................................................... 2, 10, 19

## Federal Statutes

29 U.S.C. § 626(d)(2) ................................................................................................................... 6
42 U.S.C. § 1983...................................................................................................................... 2, 10, 19
42 U.S.C. § 2000e et seq. ("Title VII") ................................................................................. passim

## Federal Rules of Civil Procedure ("Fed. R. Civ. P.")

Rule 12(b)(1)................................................................................................................................... 1
Rule 12(b)(6)........................................................................................................................... 1, 5, 7

## State and City Statutes

CPLR Article 78 ...................................................................................................................... 11, 12
N.Y. City Human Rights Law, N.Y.C. Admin. Code § 8-502(a) et seq. ("CHRL")............. passim
N.Y. State Human Rights Law, N.Y. Exec. Law § 296 et seq. ("SHRL") ........................... passim

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

VICTORIA YING,

                     Plaintiff,

          -against-

THE CITY UNIVERSITY OF NEW
YORK, NEW YORK CITY COLLEGE OF
TECHNOLOGY, RUSSELL K. HOTZLER,
individually, and PAMELA BROWN,
individually.

                     Defendants.

---------------------------------------------------------X

10 CV 4990
(CBA) (SMG)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION FOR PARTIAL DISMISSAL OF THE AMENDED COMPLAINT

Defendants City University of New York ("CUNY") (s/h/a New York City College of

Technology ("City Tech"))[1], President Russell K. Hotzler ("President Hotzler"), and Dean

Pamela Brown ("Dean Brown"), respectfully submit this memorandum of law, together with the

Declaration of Christine A. Ryan ("Ryan Decl.") and the exhibit annexed thereto, in support of

their motion to dismiss, in part, the March 24, 2011 Amended Complaint ("Compl.") pursuant to

Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter

jurisdiction and failure to state a claim upon which relief can be granted.

### PRELIMINARY STATEMENT

By way of an eighteen page, ninety-six paragraph, five count Complaint, Plaintiff alleges

an assortment of federal and state law claims against her former employer, CUNY, the President

of City Tech, and the Dean of City Tech's School of Arts and Sciences. President Hotzler and

---

[1] As a senior college of CUNY, City Tech is not a suable entity. See, e.g., Clissuras v. City Univ. of N.Y., 359 F.3d 79, 81 n. 2 (2d Cir. 2004) (finding that "New York City Technical College does not appear to be a legally cognizable entity apart from CUNY"). Thus, CUNY is the sole proper institutional party in interest in this action. See id. at 83.

-1-

Dean Brown ("Individual Defendants") are sued only in their individual capacities. Specifically, Plaintiff brings claims for alleged: (1) gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), against CUNY (Count 1); (2) aiding and abetting sex discrimination and retaliation for engaging in a protected activity pursuant to the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq. ("SHRL"), against President Hotzler and Dean Brown (Count 2); (3) aiding and abetting sex discrimination and retaliation for engaging in a protected activity pursuant to the New York City Human Rights Law, N.Y.C. Admin. Code § 8-502(a) et seq. ("CHRL"), against President Hotzler and Dean Brown (Count 3); (4) deprivation of her federal constitutional Fourteenth Amendment due process rights, pursuant to 42 U.S.C. § 1983, against President Hotzler and Dean Brown (Count 4); and (5) deprivation of her federal constitutional First Amendment rights, pursuant to 42 U.S.C. § 1983, against President Hotzler and Dean Brown (Count 5). Plaintiff seeks preliminary and permanent injunctions, a declaratory judgment, compensatory damages, punitive damages, costs, and attorney's fees. (Compl. at 17-18.)

As demonstrated herein, with the exception of Plaintiff's Title VII retaliation claim against CUNY, every claim in Plaintiff's Complaint is devoid of substantive plausible allegations, and/or is fatally flawed as a matter of law for the following reasons: (1) Plaintiff's Title VII gender discrimination claim is time-barred; (2) Plaintiff fails to state a plausible gender discrimination claim under Title VII, the SHRL, or the CHRL; (3) Plaintiff fails to state a plausible "stigma-plus" due process claim; (4) Plaintiff has not stated plausible claims for relief against the Individual Defendants under the SHRL or the CHRL; and (5) the claims for injunctive relief based on purported violations of the SHRL and the CHRL are barred by the Eleventh Amendment.

-2-

Recognizing that in spite of strong anticipated defenses, Plaintiff's Title VII retaliation claim against CUNY is at a minimum properly pleaded, Defendants are not moving to dismiss this claim at this time. This motion for partial dismissal is addressed to all other claims asserted in Plaintiff's Amended Complaint in the interests of economy and significantly narrowing the scope of discovery. Accordingly, Defendants' motion should be granted and the Complaint should be dismissed, with prejudice, in part.

## STATEMENT OF ALLEGED FACTS

In January 2006, CUNY hired Plaintiff Victoria Ying ("Plaintiff") as a non-tenured, tenure-track, Assistant Professor in the Biological Sciences Department at City Tech. (Compl. ¶ 19.) In that position, Plaintiff reported to the Department Chair, Rena Dabydeen, and Dr. Pamela Brown, the Dean of Arts and Sciences. (Compl. ¶ 20.)

In September 2006, Plaintiff's handbag was purportedly stolen from a faculty desk on City Tech's campus. (Compl. ¶ 24.) Thereafter, on September 11, 2006, Plaintiff allegedly provided the investigating New York City Police Department ("NYPD") officer with roster of student first and last names. (Compl. ¶ 27.) Plaintiff contends that the NYPD later informed Plaintiff that an investigation could not be conducted because most of the students were under the age of eighteen. (Compl. ¶ 28.) Plaintiff then purportedly assumed that in addition to being under the age of eighteen, many of the students in her class had not satisfied the course prerequisites. (Compl. ¶ 28.) On December 4, 2006, Plaintiff claims that she informed Dean Brown and President Hotzler that students who were under the age of eighteen and lacked the prerequisites were registered in her class. (Compl. ¶ 29.)

One year later, on or about December 3, 2007, Dean Brown allegedly called Plaintiff into her office and in the presence of Chair Dabydeen questioned Plaintiff about engaging in a

romantic relationship with students. (Compl. ¶¶ 32-33.) Plaintiff denied this allegation and alleges that Dean Brown's questioning of Plaintiff on this issue was in retaliation for Plaintiff's opposing the underage students and constituted sexual harassment of Plaintiff by Dean Brown and violated City Tech's and CUNY's policies and procedures. (Compl. ¶¶ 33, 36.)

On or about February 4, 2008, Plaintiff met with City Tech's Instructional Staff Relations Director, Michelle Harris, and Dr. Bonne August, Vice President of Academic Affairs and the City Tech Provost, to discuss Plaintiff's December 4, 2006 report regarding the underage and under qualified students as well as Dean Brown's December 3, 2007 questioning of Plaintiff regarding Plaintiff's relationship with a student. (Compl. ¶ 36.) On or about May 4, 2008, Plaintiff allegedly received a letter from Director Harris notifying Plaintiff of violating the Family and Educational Rights and Privacy Act. (Compl. ¶ 38.) Plaintiff claims that this letter was sent to her in retaliation for Plaintiff's complaint of Dean Brown's alleged sexual harassment in December 2007. (Compl. ¶ 38.) On or about July 9, 2008, in a letter to Plaintiff, Provost August wrote that Plaintiff's charges were unsubstantiated. (Compl. ¶ 41.) Plaintiff wrote to President Hotzler on July 15, 2008, in response to Provost August's letter, and again claimed that Dean Brown had sexually harassed her by virtue of her questioning Plaintiff's relationship with a student in December 2007. (Compl. ¶ 44.)

On October 6, 2008, Plaintiff received notice from the Biological Sciences Appointments Committee that she was not reappointed for following, 2009-2010, academic year. (Compl. ¶ 46.) Plaintiff appealed that non-reappointment decision and, on November 20, 2008, City Tech's Personnel Appeals Committee voted to recommend reconsideration of Plaintiff for reappointment. (Compl. ¶ 48.) President Hotzler reviewed the recommendations of the Department Appointments Committee, the College Personnel Appeals Committee, and

-4-

Plaintiff's documents and employment record, and, on March 4, 2009, notified Plaintiff that he was sustaining the Biological Sciences Appointment Committee decision not to reappoint Plaintiff. (Compl. ¶¶ 47-48.) Plaintiff requested a statement of reasons from President Hotzler which she received on or about March 24, 2009. (Compl. ¶¶ 50-51.) Plaintiff alleges that the non-reappointment decision was in retaliation for her complaints about sexual harassment and unqualified students registering in her class, and in violation of her due process rights. (Compl. ¶¶ 51-54.)

Plaintiff filed a charge of discrimination with the EEOC on or about June 5, 2009, and allegedly received a right to sue notice on September 20, 2010. (Compl. ¶¶ 4-5.) Plaintiff commenced this lawsuit on October 26, 2010 by filing a Complaint with the United States District Court for the Eastern District of New York, and subsequently filed the operative Amended Complaint on March 24, 2011.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, ___ U.S. ___; 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This rule does not compel a litigant to supply "detailed factual allegations" in support of his claims, Twombly, 550 U.S. at 555, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949. "A pleading that offers 'labels and conclusions' ... will not do." Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

This plausibility standard is guided by "[t]wo working principles." See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949). First, although "a court must

-5-

accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Iqbal, 129 S.Ct. at 1949.) "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss," and "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Iqbal, 129 S.Ct. at 1950).

## ARGUMENT

## I.    PLAINTIFF'S TITLE VII GENDER DISCRIMINATION CLAIM IS TIME BARRED.

In New York, claims under Title VII must be filed with the EEOC within 300 days of the alleged unlawful act. *See* 29 U.S.C. § 626(d)(2); 42 U.S.C. § 2000e-5(e)(1); Williams v. N.Y. City Hous. Auth., 458 F.3d 67, 69 (2d Cir. 2006) ("[C]laimant must make the EEOC filing within 300 days of the alleged discriminatory conduct and, before bringing suit, must receive a 'Notice of Right to Sue' letter from the EEOC'"). Title VII "precludes recovery for *discrete* acts of discrimination or retaliation that occur outside the statutory time period, irrespective of whether other acts of discrimination occurred within the statutory time period." Mark v. Brookdale Univ. Hosp., No. 04 CV 2497, 2005 WL 1521185, at *27 (E.D.N.Y. June 22, 2005) (emphasis in original) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 105 (2002)). Discrete acts such as termination, failure to promote and transfer are "not actionable if time barred, even when they are related to acts alleged in timely filed charges." Morgan, 536 U.S. at 113. In such circumstances, the law is clear – "[w]hen a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred." Butts v. N.Y. City Dep't of Hous. Preservation &

−6−

Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), *abrogated by statute on other grounds as stated in* Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 693 (2d Cir. 1998).

Here, Plaintiff's Title VII gender discrimination claim is based on a single incident that took place on December 3, 2007. (Compl. ¶¶ 32-36.) Plaintiff filed her administrative charge with the EEOC on June 5, 2009. (Compl. ¶ 4.) Thus, the operative date for determining the timeliness of Plaintiff's Title VII gender discrimination claim is August 9, 2008 - 300 days before her EEOC filing. Any claims concerning alleged discriminatory or retaliatory acts prior to August 9, 2008, are, therefore, untimely and require dismissal pursuant to Fed. R. Civ. P. 12(b)(6)[2]. Accordingly, because Plaintiff's Title VII gender discrimination claim arose more than 300 days before her EEOC filing and is time-barred, the Complaint fails to state a plausible Title VII gender discrimination claim and that claim should be dismissed.

## II.     PLAINTIFF FAILS TO STATE PLAUSIBLE GENDER DISCRIMINATION CLAIMS UNDER TITLE VII, THE SHRL OR THE CHRL.

Even if Plaintiff's Title VII gender discrimination claim was not time-barred, it would still require dismissal, as would Plaintiff's companion gender discrimination claims under the SHRL and the CHRL, because Plaintiff fails to allege sufficient facts to plausibly state these claims.

Plaintiff brings gender discrimination claims under Title VII, the SHRL, and the CHRL

---

[2] Although Plaintiff also alleges that: (1) a May 4, 2008 letter from Director Harris to Plaintiff regarding Plaintiff's violation of the Family and Educational Rights and Privacy Act was retaliatory, (Compl. ¶ 38 ); and (2) the July 9, 2008 letter to Plaintiff from Provost August wherein the Provost wrote that Plaintiff's claims were unsubstantiated was an act of retaliation (Compl. ¶ 41). During the May 4, 2011 pre-motion conference before this Court, Plaintiff specifically disavowed these allegations as asserting claims of independent adverse actions, and clarified that the sole adverse action that Plaintiff claims that forms the basis for the Title VII retaliation claim is the non-reappointment decision. (See Transcript of May 4, 2011 Pre-Motion Conference ("Tr.") at 3, annexed to Ryan Decl. as Exh. A.)

−7−

against CUNY and the Individual Defendants.[3] Disparate treatment claims under Title VII, the SHRL, and the CHRL are analyzed identically. See Dixon v. Int'l Fed'n of Accountants, No. 10-1924–cv, 2011 WL 1086867, at *1 (2d Cir. Mar. 25, 2011) (*summary order*) (continuing to apply same standards for disparate treatment claims brought under Title VII, the SHRL, and the CHRL). Thus, in order to state a prima facie claim under these statutes, a plaintiff must show that: (1) she is a member of a protected class; (2) she was performing her duties satisfactorily; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination on the basis of her membership in the protected class. See Holcomb v. Iona Coll., 521 F.3d 130, 138 (2d Cir. 2008) (setting forth elements). In the context of a discrimination claim, a plaintiff must allege facts "sufficient to plausibly suggest [a defendant's] discriminatory state of mind" and conclusory allegations are not entitled to the presumption of truth. See Iqbal, 129 S.Ct. at 1949-1952; see also Patane v. Clark, 508 F.3d 106, 112 (2d Cir.2007) (dismissing plaintiff's Title VII claims because "she failed to plead any facts that would create an inference that any adverse action taken by any defendant was based upon [his protected status]"); Scaggs v. N.Y. State Dep't of Educ., No. 06 CV 0799, 2007 WL 1456221, at *11 (E.D.N.Y. May 16, 2007) (claim that "fails to incorporate any factual allegations that would indicate how plaintiff's race, gender, age, or national origin played a role in the alleged actions against plaintiff" cannot withstand dismissal).

Even assuming for purposes of this motion that Plaintiff has sufficiently alleged the first three prongs of a discrimination claim, she has failed to allege the fourth that her non-

---

[3] During the May 4, 2011 pre-motion conference, Plaintiff confirmed that her sex discrimination claim is a disparate treatment claim and not a hostile work environment claim. (Tr. at 9-10.) See also Raniola v. Bratton, 243 F.3d 610, 617 (2d Cir.2001) (identifying as distinct gender discrimination claims based on disparate treatment and hostile work environment.).

reappointment occurred under circumstances giving rise to an inference of gender discrimination. Facts which give rise to an inference of discrimination may be examples of the defendant criticizing plaintiff's performance in gender-degrading terms, making "invidious comments about others in employee's protected group ... or the more favorable treatment of employees not in the protected group ...." Chambers v. TRM Copy Ctrs., 43 F.3d 29, 37 (2d Cir. 1994). However, Plaintiff has alleged no facts which, if true, would suggest that CUNY's actions were taken because of her gender. The Complaint does not, for instance, allege that anyone at CUNY made remarks that could be viewed as reflecting discriminatory animus based on gender. Nor does the Complaint allege that any similarly situated males received preferential treatment. In fact, Plaintiff alleges only that she was non-reappointed after being falsely accused of sexual misconduct, not that she was terminated "because of her sex." Compare Boykin v. Keycorp, 521 F.3d 202, 214-15 (2d Cir. 2008) (finding plaintiff's complaint sufficiently gave notice of plaintiff's race and gender-based employment discrimination claim where the plaintiff alleged she was an African-American woman who was denied a loan, whereas similarly situated loan applicants outside of any protected class received loans) with Patane, 508 F.3d at 111 (dismissing gender discrimination claim under Twombly standards where plaintiff characterized adverse action as "retaliatory" and did not allege it to be gender-based.).

In Jordan v. City of N.Y. Human Res. Admin., No. 08 CV 1041, 2010 WL 3034682, at *4 (E.D.N.Y. Aug. 1, 2010), a factually similar case, the plaintiff based a disparate treatment sex discrimination claim on an alleged false accusation of sexual harassment. In dismissing the claim at the prima facie stage of analysis, the Court reasoned that "[e]ven if the allegations of misconduct against [plaintiff] were fabricated and the disciplinary process reached an erroneous conclusion, those facts standing alone would not provide a basis for relief in federal court." Id.

-9-

"Title VII protects employees against particular forms of invidious discrimination; it does not create a cause of action for every employee who is unjustly terminated." Id. In that the "*sine qua non* of a gender discriminatory action claim under Title VII is that the discrimination must be because of sex," Patane, 508 F.3d at 111, Plaintiff has failed to plead this requisite allegation and her gender discrimination claims must be dismissed.

In sum, Plaintiff's gender discrimination claims are nothing more than a "false syllogism" and "a variation on a common (and patently defective) pleading technique in cases brought under federal and local antidiscrimination statutes: 'I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at work; therefore the bad thing happened because I am (fill in the protected class).'" See Ochei v. Mary Manning Walsh Nursing Home, No. 10 Civ. 2548, 2011 WL 744738, at *3 (S.D.N.Y. Mar. 1, 2011) (dismissing a discrimination claim where allegations failed to raise an inference of discrimination) (citing Grillo v. N.Y. City Transit Auth., 291 F.3d 231 (2d Cir. 2002)). Accordingly, Plaintiff's claims of gender discrimination under Title VII, the SHRL, and the CHRL should be dismissed.

## III. PLAINTIFF'S STIGMA-PLUS § 1983 DUE PROCESS CLAIMS AGAINST PRESIDENT HOTZLER AND DEAN BROWN FAIL AS A MATTER OF LAW.

Plaintiff brings her due process claims exclusively under a "stigma- plus" theory. (See Tr. at 11). As demonstrated below, Plaintiff's stigma-plus claims fails as a matter of law.

To allege a violation of the right to due process, a plaintiff must first establish that she has a liberty or property interest protected under the Fourteenth Amendment's due process guarantee, and that she was deprived of that interest by governmental action. See Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). If the plaintiff is able to satisfy this burden, she must then show that "the procedures attendant upon that deprivation were constitutionally [in]sufficient." Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (internal citation omitted).

-10-

Here, Plaintiff has failed to plausibly allege that the challenged non-reappointment decision deprived of a protected liberty interest under a "stigma-plus" theory. The decision not to reappoint Plaintiff for the 2009-2010 academic year, on its own, does not implicate a protected liberty interest. "Special aggravating circumstances are needed to implicate a liberty interest." Donato v. Plainview-Old Bethpage Cent. Sch. Dist., 96 F.3d 623, 630 (2d Cir. 1996), cert. denied, 519 U.S. 1150 (1997). Plaintiff must allege "(1) the utterance of a statement about her that is injurious to her reputation that is capable of being proved false, or that she claims is false, and (2) some tangible and material state-imposed burden ... in addition to the stigmatizing statement." See Velez v. Levy, 401 F.3d 75, 87 (2d Cir. 2005) (quotations omitted). "Stigmatizing statements by the government about an employee upon her discharge only implicate a liberty interest when there is also public disclosure." Donato, 96 F.3d at 631. Here, the Complaint is devoid of any allegation that President Hotzler or Dean Brown made any *publicly* stigmatizing remarks in connection with Plaintiff's non-reappointment. Thus, Plaintiff's stigma-plus due process claim must fail.

In addition, a stigma-plus claim fails as a matter of law where a plaintiff had procedures available to attempt to clear her name. It is now well-settled that "[w]here there is a meaningful post-deprivation remedy, there is no due process violation." Gudema v. Nassau County, 163 F.3d 717, 724 (2d Cir. 1998). Numerous courts in this Circuit have found this requirement satisfied by the availability of a judicial review proceeding under CPLR Article 78. See, e.g., Segal v. City of N.Y., 459 F.3d 207, 214 (2d Cir. 2006) ("We now hold that, in this case involving an at-will government employee, the availability of an adequate, reasonably prompt, post-termination name-clearing hearing is sufficient to defeat a stigma-plus claim."); Anemone v. Metro. Transp. Auth., 629 F.3d. 97, 121 (2d Cir. 2011) ("An article 78 hearing provides the

requisite post-deprivation process—even if [plaintiffs] failed to pursue it."); Spang v. Katonah-Lewisboro Union Free Sch. Dist., 626 F. Supp. 2d 389, 397 (S.D.N.Y. 2009) ("[C]ourts have consistently held that Article 78 proceedings provide sufficient procedural protection as post-deprivation name-clearing hearings."). Although Plaintiff does not claim to have availed herself of the Article 78 process, "it matters not whether a plaintiff actually avails himself of the state court post-deprivation process. So long as that process is available, a due process claim must be dismissed." Longo v. Suffolk County Police Dep't, 429 F. Supp. 2d 553, 560 (E.D.N.Y. 2006). Accordingly, since Plaintiff could have challenged her non-reappointment decision in an Article 78 proceeding, her stigma-plus due process claims against President Hotzler and Dean Brown fail as a matter of law and should be dismissed.

## IV. PLAINTIFF FAILS TO STATE PLAUSIBLE § 1983 FIRST AMENDMENT RETALIATION CLAIMS AGAINST PRESIDENT HOTZLER AND DEAN BROWN.

Plaintiff fails to state a plausible First Amendment retaliation claim for relief because the "speech" upon which she bases her claim is not protected.

Where a plaintiff who is a public employee asserts claims for retaliation based upon allegedly constitutionally protected speech under the First Amendment, she must show that: "(1) the speech at issue was made as a citizen on matters of public concern rather than as an employee on matters of personal interest, . . . (2) he or she suffered an adverse employment action, . . . and (3) the speech was at least a substantial or motivating factor in the [adverse employment action]." Zelnik v. Fashion Inst. of Tech., 464 F.3d 217, 225 (2d Cir. 2006) (alterations in original) (citation omitted), cert. denied, 549 U.S. 1342 (2007). The Supreme Court has made clear that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does

-12-

not insulate their communications from employer discipline." Garcetti v. Ceballos, 547 U.S. 410, 421 (2006). Employees generally speak *as* employees when they "make statements pursuant to her official duties" or when performing tasks they are paid to perform. See id. at 421–22.

Plaintiff alleges two distinct statement upon which she bases her First Amendment retaliation claims: (1) Plaintiff's conclusion that she "engaged in protected speech" on December 4, 2006 when she allegedly reported the presence of underage and unqualified students in her course, (Compl. ¶ 29); and (2) Plaintiff's claim that her February 4, 2008 accusation that Dean Brown's questioning of Plaintiff regarding her romantic involvement with a student constituted sexual harassment was also "protected speech," (Compl. ¶ 93). As demonstrated below, neither of these statements can form the basis of plausible First Amendment retaliation claims.

## 1.    The Report of Underage Students

Plaintiff alleges that she informed Dean Brown and President Hotzler that underage and unqualified students had registered for her class. (Compl. ¶ 29.) Assuming *arguendo* that Plaintiff made such a report, this "speech" was made as part of her official duties. The case of Weintraub v. Board of Educ. of City of N.Y., 593 F.3d 196 (2d Cir. 2010), is instructive on this point. In Weintraub, the Second Circuit held that a teacher's First Amendment retaliation claim failed where it found that the teacher's grievance criticizing a supervisor's failure to discipline a student had been made "pursuant to his official duties because it was part-and-parcel of his concerns about his ability to properly execute his duties as a public school teacher—namely, to maintain classroom discipline, which is an indispensable prerequisite to effective teaching and classroom learning." Id. at 203. The Court noted that its conclusion was additionally supported

-13-

by the fact that the form of speech at issue—an employee grievance made pursuant to school district policy—had "no relevant citizen analogue." Id.

Similarly here, Plaintiff alleges only that she informed Dean Brown and President Hotzler that underage students who had not satisfied the prerequisites of the course were enrolled in her second year course. (Compl. ¶¶ 28-29). The Complaint does not allege that Plaintiff relayed this information for any other purpose other than her "surprise" and that the age of some students impeded an investigation into the theft of Plaintiff's handbag. (Compl. ¶¶ 28-29). Although Plaintiff attempts to portray this speech as outside of her duties when she alleges in the conclusory fashion that this report "exceeded her duties as a professor in this context," (Compl. ¶ 29), "speech can be 'pursuant to' a public employee's official job duties even though it is not required by, or included in, the employee's job description, or in response to a request by the employer." Weintraub, 196 F.3d at 220. See Connick v. Myers, 461 U.S. 138, 147-48 (1983) (simple "employee grievances" are not matters of public concern). This conclusion is further supported by the fact that Plaintiff, by her own admission chose to lodge her complaint with supervisors in her chain of command within City Tech. The reported case law has been "consistent in holding that when a public employee raises complaints or concerns up the chain of command at his workplace about his job duties, that speech is undertaken in the course of performing his job." Davis v. McKinley, 518 F.3d 304, 313 (5th Cir. 2008) (collecting cases). Accordingly, in making this "report" about underage and unqualified students in her course, Plaintiff's speech was part of her official duties as an assistant professor and, thus, she did not engage in protected speech as a matter of law.

## 2. The Complaint that Dean Brown's Inquiry Constituted Sexual Harassment.

Plaintiff's allegation that her February 4, 2008 assertion to Dean Brown that the Dean's

-14-

inquiry about whether Plaintiff had engaged in a romantic relationship with a student was sexual harassment is not speech on a matter of public concern.

Plaintiff alleges that she told the Director of Instructional Staff Relations and the Provost during a meeting on February 4, 2008 that Plaintiff believed Dean Brown's "accusation against Plaintiff" constituted sexual harassment (Compl. ¶ 36). This allegation does not state a plausible claim that this speech raised a matter of public concern. It is well established in this Circuit that when an employee's complaints to her supervisor are personal in nature and generally related to her own situation, they are not matters of public concern. See Miller v. City of Ithaca, No. 10 CV 597, 2010 WL 3809842, at *10 (N.D.N.Y. Sept. 22, 2010) (dismissing First Amendment retaliation claim reasoning that the speech was not protected where plaintiff's complaints of discrimination concerned personnel matters personal to plaintiff and plaintiff did not seek to debate or bring to public light issues of discrimination and retaliation in general) (citing Saulpaugh v. Monroe Cmty. Hosp., 4 F .3d 134, 143 (2d Cir.1993)). See, e.g. Pappas v. Giuliani, 290 F.3d 143, 152 (2d Cir. 2002) (collecting cases demonstrating that complaints of racial discrimination by public employees were not matters of public concern for purposes of stating a First Amendment retaliation claim); Ezekwo v. N.Y.C. Health & Hosps. Corp., 940 F.2d 775, 781 (2d Cir. 1991) (holding that plaintiff's statements about discrimination, inadequacies in the hospital's program, and retaliation did not amount to matters of public concern); Howard v. City of N.Y., No. 02 Civ. 5817, 2008 WL 2756328, at *1 (S.D.N.Y. July 15, 2008) (plaintiff's allegations did not suggest that plaintiff's complaints of discrimination were motivated by the "broader public purpose" of assisting others as opposed to a desire to "redress personal grievances"); Worthington v. Cnty. of Suffolk, No. 02 CV 723, 2007 WL 2115038, at *3 (E.D.N.Y. July 20, 2007) (dismissing First Amendment retaliation claim finding

-15-

that the complaints of retaliation and discrimination were merely complaints about plaintiff's own treatment); Luca v. County of Nassau, No. 04 CV 4898, 2007 WL 1343670, at *5 (E.D.N.Y. May 8, 2007) (holding that the plaintiff's complaint of discrimination and sexual harassment were not a matter of public concern); Nonnenmann v. City of N.Y., 174 F. Supp. 2d 121, 135 (S.D.N.Y. 2001) (plaintiff's statements about discrimination were not on a matter of public concern where they only related to a particular dispute, only dealt with one employee, and were limited to the conduct of a few supervisors).

Plaintiff's alleges only that her single verbal complaint specifically addressed an accusation made against Plaintiff that Plaintiff construed constituted sexual harassment against her. (Compl. ¶¶ 33 and 36.) Plaintiff does not allege that her complaint referenced any disparate treatment of women in general or any kind of system-wide discrimination. Accordingly, because Plaintiff's February 4, 2008 "speech" regarding purported sexual harassment was not on a matter of public concern, it fails to state plausible First Amendment retaliation claim and should be dismissed.

## V.    PLAINTIFF CANNOT STATE PLAUSIBLE CLAIMS FOR RELIEF AGAINST THE INDIVIDUAL DEFENDANTS UNDER THE SHRL OR THE CHRL.

### 1.    Individuals Can Not "Aid or Abet" Their Own Conduct.

Claims under the SHRL and the CHRL are subject to the same analysis. See McCoy v. City of N.Y., 131 F. Supp. 2d 363, 375 (E.D.N.Y.2001) (applying same standard to claims under SHRL and CHRL). The Complaint purports to bring four claims against President Hotzler and Dean Brown pursuant to :aider and abettor" liability SHRL and the CHRL. (Compl. at Counts 2 and 3). However, it is well established that an individual can not aid and abet his or her own alleged discriminatory actions. See, e.g., Ranieri v. McCarey, 712 F. Supp. 2d 271, 280 (S.D.N.Y. 2010) (dismissing aiding and abetting claims against individual where the underlying

claims were based on the conduct of same individual); J.G. v. Cord, No. 08 Civ. 5668, 2009 WL 2986640, at *12 n.5 (S.D.N.Y. Sept. 17, 2009) ("Individuals cannot be liable for aiding and abetting their own discriminatory conduct."); Virola v. XO Comm., No. 05 CV5056, 2008 WL 1766601, at *20 (E.D.N.Y. Apr. 15, 2008) ("An individual may not be held liable for aiding and abetting his own discriminatory conduct but only for assisting another party in violating the NYHRL."); Chamblee v. Harris & Harris, Inc., 154 F. Supp. 2d 670, 677 (S.D.N.Y. 2001) ("[P]rimary actor cannot be aider and abettor of his own actions.") (citing Hicks v. IBM, 44 F. Supp. 2d 593, 600 (S.D.N.Y. 1999)); see also Strauss v. N.Y. State Dep't of Educ., 26 A.D.3d 67, 73 (3d Dep't 2005) ("[W]e hold that individuals cannot be held liable under Executive Law § 296(6) for aiding and abetting their own violations of the Human Rights Law."). Accordingly, because Plaintiff alleges that President Hotzler and Dean Brown directly discriminated and retaliated against her, her SHRL and CHRL aiding and abetting claim against them must be dismissed.

## 2. Accessorial Liability Under Either SHRL § 296(6) or CHRL § 8-107(6) Can Not be Found Where the Employer is Not Liable.

Plaintiff's SHRL and CHRL claims against President Hotzler and Dean Brown as "aiders and abettors" also fail for the additional reason that since the Eleventh Amendment bars this claim against the principal - CUNY - accessorial liability can not be found against an individual.

Under New York law, "liability must first be established as to the employer/principal before accessorial liability can be found as to an alleged aider and abettor." DeWitt v. Lieberman, 48 F. Supp. 2d 280, 293 (S.D.N.Y. 1999) (citing Murphy v. ERA United Realty, 251 A.D.2d 469, 473 (2d Dep't 1998)). See also Schanfield v. Sojitz Corp. of Am., 663 F. Supp. 2d 305, 245 (S.D.N.Y. 2009) (stating that liability under the NYSHRL and the NYCHRL must first be established as to the employer/principal before an individual may be considered an aider and

-17-

abettor); Sowemimo v. D.A.O.R. Sec., Inc. 43 F. Supp. 2d 477, 490 (S.D.N.Y. 1999) (granting

summary judgment on state law claim against individual because liability not found against

employer); accord Lewis, 2000 WL 423517, at *4; Duviella v. Couns. Serv. of E. Dist. of N.Y.,

No 00 CV 2424, 2001 WL 1776158, at *18 (E.D.N.Y. Nov. 20, 2001) (dismissing SHRL and

CHRL claims against the individuals reasoning that when employer has been dismissed, the

individuals must be dismissed); Jean-Louis v. North Shore Univ. Hosp., No. 06 CV 3023, 2007

WL 4409937, at *9 (E.D.N.Y. Dec. 14, 2007) (stating that claims of aiding and abetting can only

survive if the plaintiff successfully proves the employer's liability); Forrest v. Jewish Guild, 309

A.D.2d 546, 559-60 (1st Dep't 2003)) ("the aiding and abetting claims here could only survive if

plaintiff had successfully raised a question of fact as to any of the discrimination claims"), aff'd,

3 N.Y.3d 295 (2004). Accordingly, Plaintiff's "aider and abettor" SHRL and CHRL claims must

be dismissed in their entirety.

## VI.     PLAINTIFF'S DEMAND FOR INJUNCTIVE RELIEF BASED ON ALLEGED VIOLATIONS OF THE SHRL AND CHRL IS BARRED BY THE ELEVENTH AMENDMENT.

Plaintiff cannot be awarded injunctive relief against the Individual Defendants based

upon alleged violations of the SHRL or the CHRL. See Miles v. Baruch Coll., No. 07 CV 1214,

2008 WL 222299, at *4 (E.D.N.Y. Jan. 25, 2008) ("A federal court's grant of injunctive relief

against a state official ... may not be based on violations of state law.") (citing Pennhurst v.

Halderman, 465 U.S. 89, 106 (1984)). See Chinn v. City Univ. of N.Y., 963 F. Supp. 218, 227

(E.D.N.Y. 1997) (dismissing all state law claims against an employee of CUNY in his official

capacity regardless of the type of relief sought). Thus, Plaintiff's demand for equitable relief

under the SHRL and CHRL must be dismissed.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully requests that their motion for

partial dismissal of the Complaint be granted and that the following claims asserted in Plaintiff's

Complaint be dismissed with prejudice: (1) Title VII gender discrimination claim against

CUNY, (Count 1); (2)SHRL and CHRL gender discrimination and retaliation claims against

President Hotzler and Dean Brown, (Counts 2 and 3); (3) § 1983 Fourteenth Amendment due

process and First Amendment retaliation claims against President Hotzler and Dean Brown,

(Counts 4 and 5). Accordingly, the only remaining claim would be Plaintiff's Title VII

retaliation claim against CUNY based on the non-reappointment decision as set forth in Count 1

of the Complaint.

Dated:     New York, New York
         .    May 18, 2011

Corrected:   May 25, 2011         Respectfully submitted,

                                   ERIC T. SCHNEIDERMAN
                                   Attorney General of the State of New York
                                   Attorney for Defendants
                                   By:

                                        /s/
                                   Christine A. Ryan
                                   Assistant Attorney General
                                   120 Broadway, 24th Floor
                                   New York, New York 10271
                                   Tel. (212) 416-8652

-19-