UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VICTORIA YING,

                    Plaintiff,              NOT FOR PUBLICATION

     -against-                         **MEMORANDUM & ORDER**
                                                        10-cv-4990 (CBA) (SMG)

THE CITY UNIVERSITY OF NEW YORK,
NEW YORK CITY COLLEGE OF TECHNOLOGY,
RUSSELL K. HOTZLER, individually, and
PAMELA BROWN, individually

                    Defendants.
----------------------------------------------------------------X
**AMON, Chief United States District Judge**.

      The plaintiff, Victoria Ying, brings this action against the City University of New York ("CUNY"), the New York City College of Technology ("City Tech"), Russell Hotzler, the President of City Tech, and Pamela Brown, the Dean of Arts and Sciences at City Tech.  On December 15, 2011, the Court heard oral argument on the defendants' partial motion to dismiss Ying's amended complaint under Fed. R. Civ. P. 12(b)(6).[1]

      For the reasons discussed on the record during the hearing, the Court declines at this time to dismiss the plaintiff's claims under state and local law for aiding and abetting sex discrimination and retaliation.

      The Court grants the defendants' motion to dismiss the plaintiff's First Amendment retaliation claim, brought pursuant to 42 U.S.C. § 1983, because the amended complaint fails to allege that the plaintiff engaged in protected speech.  The plaintiff's statement that there were underage students enrolled in her class was made pursuant to her official duties as a teacher, not as a private citizen about a matter of public concern.  See Weintraub v. Bd. of Education, 593

---

[1] The defendants have not moved to dismiss Ying's Title VII retaliation claim.

1

F.3d 196, 201 (2d Cir. 2010).  The plaintiff's complaint to human resources that she was falsely accused of inappropriate behavior was personal in nature.  See Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 143 (2d Cir. 1993).  Neither statement qualifies as protected speech.

The Court also grants the defendants' motion to dismiss the plaintiff's due process claim, brought pursuant to § 1983 under a "stigma-plus" theory.  The complaint contains no allegations from which it plausibly could be inferred that the allegedly stigmatizing statements were "disseminated widely enough to damage [the plaintiff's] standing in the community or foreclose future job opportunities."  Brandt v. Bd. of Coop. Educ. Servs., 820 F.2d 41, 44 (2d Cir. 1987).  The complaint also fails to allege that the plaintiff did not have an adequate remedy under state law through an Article 78 hearing.  See Segal v. City of N.Y., 459 F.3d 207, 213 (2d Cir. 2006).

At this time, the Court reserves decision on the defendants' motion to dismiss the plaintiff's Title VII sex discrimination claim.

SO ORDERED.

Dated: Brooklyn, N.Y.
December 16, 2011

/s/
Carol Bagley Amon
Chief United States District Judge