UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VICTORIA YING,

                                    Plaintiff,                    NOT FOR PUBLICATION

              -against-                                           **MEMORANDUM & ORDER**
                                                                 10-cv-4990 (CBA) (SMG)

THE CITY UNIVERSITY OF NEW YORK,
NEW YORK CITY COLLEGE OF TECHNOLOGY,
RUSSELL K. HOTZLER, individually, and
PAMELA BROWN, individually


                                    Defendants.
-------------------------------------------------------------X
**AMON, Chief United States District Judge**.

        The plaintiff, Victoria Ying, asserts various claims against her former employer, the City

University of New York ("CUNY"), and two of its employees, based on events that occurred in

connection with CUNY's decision to terminate plaintiff's employment.  The defendants moved

to dismiss all of the claims asserted in the complaint, except for the plaintiff's claim against

CUNY for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e, *et seq.* [1]  At oral argument on the defendants' motion, the Court granted the defendants'

motion to dismiss the plaintiff's First Amendment and due process claims.  The Court denied the

defendants' motion to dismiss the plaintiff's state and local law claims for aiding and abetting

sex discrimination and retaliatory conduct.  The Court reserved decision on the defendants'

motion to dismiss the plaintiff's Title VII sex discrimination claim.  For the following reasons,

the Court now dismisses the Title VII sex discrimination claim.

---

[1] The complaint names as a defendant the New York City College of Technology (formerly known as New York City Technical College) ("City Tech").  City Tech is a "senior college" of CUNY, and "does not appear to be a legally cognizable entity apart from CUNY."  Clissuras v. City Univ. of N.Y., 359 F.3d 79, 81 (2d Cir. 2004).  Thus, the Court construes all claims asserted against City Tech as asserted against CUNY.

Victoria Ying was a tenure-track Assistant Professor in the Biological Sciences Department at City Tech. According to the complaint, defendant Pamela Brown, Dean of Arts and Sciences at City Tech, called the plaintiff into her office on December 3, 2007, and in the presence of the Chair of the Biological Sciences Department falsely accused the plaintiff of engaging in a sexual relationship with a student. The plaintiff denied the accusations. The plaintiff subsequently met with two employees in the human resources department, and informed them that she believed Dean Brown's false accusations constituted sexual harassment. The plaintiff alleges that her sexual harassment complaint was never properly investigated, nor were any steps taken to remedy the situation. On October 6, 2008, the plaintiff received notice from the Biological Sciences Appointments Committee that she was not being reappointed as an Assistant Professor and that her employment would be terminated.

The plaintiff argues that these facts give rise to a claim for sex discrimination under Title VII. To state a *prima facie* case of discrimination under Title VII, a plaintiff must allege that "(1) [s]he is a member of a protected class; (2) [s]he is competent to perform the job or is performing his duties satisfactorily; (3) [s]he suffered an adverse employment decision or action; and (4) the decision or action occurred under circumstances giving rise to an inference of discrimination based on [her] membership in the protected class." Swift v. Countrywide Home Loans, Inc., 770 F. Supp. 2d 483, 486 (E.D.N.Y. 2011) (emphasis added) (citing Dawson v. Bumble & Bumble, 398 F.3d 211, 216 (2d Cir. 2005)).

The crux of the plaintiff's argument is that because she was falsely accused of having a sexual relationship with a student—an accusation that amounted to sexual harassment—she was discriminated against because of her sex. The argument that an accusation of sexual misconduct constitutes sex discrimination was considered and rejected by the court in Jordan v. City of N.Y.

Human Resources Admin., No. 08-cv-1041, 2010 WL 3034682 (E.D.N.Y. Aug. 1, 2010), a factually analogous case in which the plaintiff alleged that he was fired after falsely being accused of sexual misconduct.  Id. at *4.  When the plaintiff in Jordan was asked why he thought his termination constituted sex discrimination, he replied that it was because he was accused of sexual harassment and because "[e]verything about this thing is directed about sex.  Every allegation they made has to do with sex."  Id.  The court held that the plaintiff seemed to "misunderstand the nature of sex discrimination" because being fired for sexual misconduct is not a termination *because of one's sex.* Id.

A false accusation of sexual misconduct is not sex discrimination merely because it deals with "sex" as a topic.  "The *sine qua non* of a gender-based discriminatory action claim under Title VII is that 'the discrimination must be because of sex.'"  Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (quoting Leibovitz v. N.Y. City Transit Auth., 252 F.3d 179, 189 (2d Cir. 2001)).  Even if the plaintiff was wrongfully accused of having a sexual relationship with a student, and even if she suffered some adverse employment consequence as a result of that accusation or because she complained of sexual harassment, nothing in the complaint suggests that CUNY's conduct had anything to do with the fact that she is a woman.  Thus, although the plaintiff may have a viable claim for retaliation under Title VII, she has not stated a claim for sex discrimination.  The defendants' motion to dismiss the plaintiff's Title VII sex discrimination claim against CUNY is granted.

At oral argument, the Court denied the defendants' motion to dismiss the plaintiff's claims against the individual defendants for aiding and abetting sex discrimination and retaliatory conduct in violation of New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.* ("SHRL"), and New York City Human Rights Law, N.Y.C. Admin. Code § 8-502(a) *et seq.*

3

("HRL").  However, because the plaintiff does not state a viable claim for sex discrimination, her claim for aiding and abetting sex discrimination fails as well.  See DeWitt v. Lieberman, 48 F. Supp. 2d 280, 293 (S.D.N.Y. 1999) ("There is, however, a requirement that liability must first be established as to the employer/principal before accessorial liability can be found as to an alleged aider and abettor.").  Accordingly, the plaintiff's claim against the individual defendants for aiding and abetting sex discrimination in violation of the SHRL and HRL is dismissed.  The only claims remaining in this action are (1) plaintiff's Title VII retaliation claim against CUNY; and (2) plaintiff's claim against the individual defendants for aiding and abetting retaliatory conduct in violation of the SHRL and HRL.


SO ORDERED.

Dated: Brooklyn, N.Y.
        December 19, 2011


                            _____/s/_____
                            Carol Bagley Amon
                            Chief United States District Judge

4